# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON DEAN, | Case No. 1:14-cv-00768 DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER FOR IMMEDIATE RELEASE |
| v. | [ECF No. 2] |
| | ORDER DENYING MOTION FOR A FULL PARDON |
| ROBERT SHARFFENBERG, M.D., et al., | [ECF No. 8] |
| Defendants. | ORDER DENYING MOTION FOR PRIORITY LEGAL USER STATUS |
| | [ECF No. 11] |

Plaintiff Alton Dean ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 12, 2014.[1] Pending before the Court are Plaintiff's motions for preliminary injunctive relief, filed on May 12, 2014, May 21, 2014, and June 4, 2014. Plaintiff's motions request injunctive relief in the form of court orders for immediate release, a full pardon, and designation as a priority legal user at his prison.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy," City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted), and for each form of relief sought in federal court, Plaintiff must establish standing, Summers v.

---

[1] On May 29, 2014, Plaintiff consented to the jurisdiction of the Magistrate Judge.

1

Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

By separate order, the Court has screened and dismissed the complaint with leave to file an amended complaint.  In light of Plaintiff's failure to state any claim upon which relief may be granted, there is no actual case or controversy before the Court at this time, and Court lacks the jurisdiction to issue the orders sought by Plaintiff.  Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.  Further, assuming that Plaintiff is able to amend to state a claim for violation of the Eighth Amendment arising from inadequate medical care, the pendency of this action will not entitle Plaintiff to the issuance of a preliminary injunction aimed at securing release, a full pardon, or his designation as a priority legal user.  Id.  The Court's jurisdiction will be limited to the issuance of orders that remedy the underlying legal claim.  Id.

///

///

///

///

///

2

**ORDER**

Accordingly, Plaintiff's motions for preliminary injunctive relief are HEREBY DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated: **January 27, 2015**        /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE