# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON DEAN, | Case No. 1:14-cv-00768 DLB PC |
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |
| v. | |
| ROBERT SHARFFENBERG, M.D., et al., | ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |
| Defendants. | |

Plaintiff Alton Dean, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 12, 2014.

On January 27, 2015, the District Court issued an order dismissing the complaint with leave to amend. The order was returned by the United States Postal Service as undeliverable on February 23, 2015.

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for

dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due by May 4, 2015, but he failed to file one and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2014, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  Further, the opposing party is necessarily prejudiced when he is unaware of the plaintiff's location during the discovery phase of the litigation.  *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228.

Finally, given the Court's and Defendant's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. *In re PPA*, 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

///

///

///

///

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b);

2) The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:  **May 14, 2015**              /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE